# RECORD NO. 15-4774

## In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**COREY RONSHION THOMAS,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

———————

## BRIEF OF APPELLANT

———————

**Ross Hall Richardson,**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**
**129 West Trade Street**
**Suite 300**
**Charlotte, NC  28202**
**(704) 374-0720**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES .................................................................................ii

NATURE OF THE APPEAL ............................................................................... 1

STATEMENT OF JURISDICTION ..................................................................... 1

STATEMENT OF THE ISSUE ............................................................................ 1

STATEMENT OF THE CASE ............................................................................. 2

SUMMARY OF ARGUMENT ............................................................................ 3

ARGUMENT ........................................................................................................ 4

CONCLUSION ..................................................................................................... 4

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*Anders v. California,*
    386 U.S. 738 (1967) ................................................................................ 1, 3

*McCoy v. Wisconsin,*
    486 U.S. 429 (1988) ...................................................................................... 1

*Penson v. Ohio,*
    488 U.S. 75 (1988) ........................................................................................ 1

*United States v. Barlow,*
    Case 15-4114, 2015 Westlaw 9269972 (4th Cir. Dec. 21, 2015) ............. 3, 4

**STATUTES:**

18 U.S.C. § 922(g) ................................................................................................ 2

18 U.S.C. § 3231 .................................................................................................. 1

18 U.S.C. § 3742 .................................................................................................. 1

28 U.S.C. § 1291 .................................................................................................. 1

**SENTENCING GUIDELINE:**

USSC § 2K2.1(a)(4)(A) ................................................................................ 2, 3, 4

## NATURE OF THE APPEAL

After carefully examining the record in light of applicable law, undersigned counsel has determined that there are no non-frivolous grounds for appeal. For that reason, counsel for appellant Corey Ronshion Thomas submits this Brief to the Court under *Anders v. California,* 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin,* 486 U.S. 429 (1988), and *Penson v. Ohio,* 488 U.S. 75 (1988).

As required by *Anders*, this brief identifies the issue in the record that might arguably support an appeal. In addition, counsel has provided Appellant with a copy of this Brief and has informed him of his right to raise any additional issues.

## STATEMENT OF JURISDICTION

Thomas appeals the judgment entered on December 9, 2015, in the United States District Court for the Western District of North Carolina. Judgment, *United States v. Thomas,* (3:15-CR-69, Doc. 27). Thomas filed a Notice of Appeal on December 9, 2015. Notice of Appeal, (Doc. 29). The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

**Did the district court err in finding that Thomas' prior conviction was a controlled substance offense for purposes of his Guidelines calculation?**

## **STATEMENT OF THE CASE**

Thomas was indicted on March 20, 2015, for violation of 18 U.S.C. § 922(g). Indictment (Doc. 1). On May 22, 2015, Thomas pleaded guilty without a plea agreement, and the court accepted his guilty plea. Entry and Acceptance of Guilty Plea (Doc. 14).

The U.S. Probation Office prepared a Presentence Investigation Report ("PSR") and concluded that Thomas qualified for a total offense level of 19. PSR, p. 18 (Doc. 24). This offense level resulted from the PSR's conclusion that Thomas' prior conviction for possession with intent to sell or deliver marijuana qualified as a controlled substance offense for a six-level enhancement pursuant to USSC § 2K2.1(a)(4)(A). *Id.* at 5. In addition, it concluded that based on Thomas's prior convictions, he had 10 criminal history points, which corresponded to a criminal history category of V. *Id.* at 11. This resulted in an advisory guidelines range of 57 to 71 months with a 3-year maximum term of supervised release. *Id* at 18.

On December 9, 2015, the district court held a sentencing hearing. Sentencing transcript, *United States v. Thomas,* (Doc. 37). Thomas objected to the use of the prior marijuana conviction, arguing that it could not be used to enhance Thomas' sentence because it did not qualify as a felony under federal law for the controlled-substance offense enhancement pursuant to USSC § 2K2.1(a)(4)(A). Defendant's Objection to PSR, p. 1 (Doc. 21) and Sentencing Transcript, p. 3-6 (Doc. 37).

This argument was based upon a case that was then-pending before this Court, *United States v. Camden Barlow*, which has since been decided against Thomas' position. *United States v. Barlow*, Case 15-4114, 2015 Westlaw 9269972 (4th Cir. Dec. 21, 2015). In *Barlow*, this Court held that prior North Carolina convictions like the one used in Thomas' case did meet the federal definition of felony. *Id.*

The Court overruled Thomas' objection. *Id.* at 8-9. The Court found that Thomas's offense level was 19, his criminal history category was V, and his Guidelines range was 57 to 71 months. *Id.* at 9. The Court sentenced Thomas to 70 months of imprisonment and three years of supervised release. *Id.* at 19-21.

Thomas timely appealed his sentence. Notice of Appeal. (Doc. 29).

## **SUMMARY OF ARGUMENT**

Thomas argued at sentencing that his prior North Carolina drug conviction should not qualify as a felony under federal law for the controlled-substance offense enhancement under USSC § 2K2.1(a)(4)(A). Thomas' argument has since been foreclosed by this Court's ruling in *United States v. Barlow*, Case 15-4114, 2015 Westlaw 9269972 (4th Cir. Dec. 21, 2015). Therefore, after conducting a thorough review of the case, undersigned counsel has determined that there are no other meritorious grounds for appeal and submits this brief pursuant to *Anders v. California,* 386 U.S. 738 (1967) in order to preserve the argument should *Barlow* successfully petition for a writ of certiorari from the United States Supreme Court.

3

## ARGUMENT

Thomas argues that his prior North Carolina marijuana conviction could not be used to enhance Thomas' sentence because it did not qualify as a felony under federal law for the controlled-substance offense enhancement pursuant to USSC § 2K2.1(a)(4)(A). A controlled substance offense must be punishable by more than one year. Thomas' state court judgment reflects a maximum sentence of 19 months. But because North Carolina state law requires his release on post-release supervision nine months prior to the expiration of his maximum sentence, Thomas argues that his maximum sentence was only 10 months. As his predicate conviction is not punishable by more than one year, it does not meet the federal definition of "felony" for purposes of the controlled-substance offense enhancement in USSC § 2K2.1(a)(4)(A).

This argument was based upon a case that was then-pending before this Court, *United States v. Camden Barlow*, which has since been decided against Thomas' position. *United States v. Barlow*, Case 15-4114, 2015 Westlaw 9269972 (4th Cir. Dec. 21, 2015). In *Barlow*, this Court held that prior North Carolina convictions like the one used in Thomas' case did meet the federal definition of felony. *Id*. Thus, Thomas cannot demonstrate error in the calculations of his advisory Guideline range.

## CONCLUSION

Thomas respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and

4

which would warrant the Court's vacating the judgment entered in this matter and remanding the case to the district court for future disposition.

This, the 4th day of April, 2016.

>Ross Hall Richardson,
>Executive Director,
>Federal Defenders of
>Western North Carolina, Inc.
>
>/s/ Ross Hall Richardson
>129 W. Trade St. Suite 300
>Charlotte, NC 28202
>(704) 374-0720
>Counsel for Appellant

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>947</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Garamond</u>.

Dated: April 4, 2016                    /s/ Ross Hall Richardson
                                        Ross Hall Richardson

                                        *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 4, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the following registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA  23218